IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DAVID J. LEACH and CAROL    )
ANN PARKS,                  )
                            )
     Plaintiffs,            )
                            )     CIVIL ACTION NO.
     v.                     )       2:09cv738-MHT
                            )          (WO)
JOHN C. PEACOCK,            )
                            )
     Defendant.             )
```

OPINION AND ORDER

Plaintiffs David J. Leach and Carol Ann Parks bring this lawsuit against defendant John C. Peacock charging him with negligence, wantonness, and fraud. Subject-matter jurisdiction over these state claims arises under the court's diversity jurisdiction. See 28 U.S.C. § 1332(a)(1). Now before the court are Peacock's motion to dismiss and alternative motion for summary judgment, in which motions he asserts improper venue, abstention, and lack of personal jurisdiction. For the reasons that follow, the court will grant the motions to extent that this case will be transferred to the Northern District of

Georgia.  The other issues presented by the motions will be left for resolution after transfer.

## I.  STANDARD

To defeat a motion to dismiss for improper venue, a plaintiff "must present only a prima facie showing of venue. ... [The] facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by defendants' affidavits. ...  In addition, when there is a battle of affidavits placing different constructions on the facts, the court is inclined to give greater weight, in the context of a motion to dismiss, to the plaintiff's version."  Delong Equipment Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988) (internal quotation marks and citation omitted).

## II.  BACKGROUND

Leach and Parks, residents of Alabama, are the nephew and niece of Lucille L. Cochran, now deceased.  Peacock, is also Cochran's nephew and resides in Duluth, Georgia.

Prior to Cochran's death and pursuant to Georgia law, Peacock held power of attorney for Cochran. Cochran also agreed that both Leach and Peacock would serve as joint administrators of her estate. As part of the arrangement to manage her finances, Leach owned joint-checking accounts with Cochran at Wachovia and Bank of America, at branches located in Georgia.

During 2006 and 2007, a dispute arose between Leach and Peacock over control of Cochran's estate. Peacock sought to divert Cochran's funds into accounts that would be devised to him after her death. In November 2007, Peacock sent to Leach customer removal forms which were intended to induce Leach to relinquish any interest he held in the joint accounts with Cochran. On October 19, 2008, Cochran passed away, as a resident of Georgia.

In this lawsuit, Leach and Parks allege that Peacock fraudulently exercised power of attorney after Cochran's death to obtain funds from the joint accounts co-owned by Leach. Peacock is charged with fraud through suppression

of material fact; he "concealed [the] material fact ... that Cochran was deceased, to acquire the money held in each bank." Am. Compl. at ¶ 29 (Doc. No. 35). On October 20, 2008, the day after Cochran died, Peacock withdrew $ 58,000 from one of the jointly held accounts at Bank of America. Two days after Cochran's death, Peacock wrote a $ 23,500 check payable to himself from the jointly held Wachovia Bank account.

For several months following the death of Cochran, Peacock continued exercising power of attorney to withdraw money from Leach's joint bank accounts and to cash out certificates of deposit and survivorship benefits intended for Leach and Parks. On December 11, 2008, Peacock used power of attorney to draw two checks on one of Cochran's joint accounts with Leach. He made one check out to Leach for $ 4,000, sending it to his address in Millbrook, Alabama. Peacock sent the second check to Alabama, payable for $ 500 to another of Cochran's relatives. The check Leach received could not

be deposited, for the account did not have sufficient funds to cover the withdrawal.

Leach and Parks also charge Peacock with negligence and wantonness in administering Cochran's estate. They allege that Peacock breached his fiduciary duty to Cochran's heirs through his "improper handling of monies at Bank of America[,]" "Wachovia Bank[,]" and an "annuity drawn on ... AIG." See Am. Compl. at ¶ 20-22 (Doc. No. 35). Leach and Parks claim more than $ 315,000 in damages from the misconduct. See id. Leach and Parks also hold Peacock liable for "intentionally act[ing] with complete disregard for the rights and safety of Plaintiffs." Id. at ¶ 24.

Peacock has responded to this litigation with a motion to dismiss and an alternative motion for summary judgment, in which motions he asserts improper venue, abstention, and lack of personal jurisdiction.

III.  DISCUSSION

A.

The court first addresses Peacock's motion to dismiss due to improper venue in the Middle District of Alabama. If venue is improper, the court need not reach the question of whether it has personal jurisdiction over Leach and Parks's claims.  Even if the court has no personal jurisdiction, it may correct venue and jurisdictional defects through transfer of venue pursuant to 28 U.S.C. § 1406(a).  Goldlawr, Inc. V. Heiman, 369 U.S. 463, 466 (1962) ("The language of 28 U.S.C. § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

Subject-matter jurisdiction over the state claims in this action arises under the court's diversity jurisdiction.  See 28 U.S.C. § 1332(a)(1).  Under 28

U.S.C. § 1391(a), a civil action founded solely on diversity jurisdiction "may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

Venue in Alabama would be improper under subpart (a)(1) because Peacock resides in Cobb County, in the Northern District of Georgia. Similarly, subpart (a)(3) does not apply because the current action could have been brought in the district of Peacock's residency.

The parties contest whether "a substantial part of the events or omissions giving rise to the claim

occurred" in the Middle District of Alabama under subpart (a)(2). Peacock contends that "all of the actions actually alleged by the Plaintiffs and all of the property claimed by the Plaintiffs are located in the Northern District of Georgia," Def.'s Reply at 6 (Doc. No. 44)1; Leach and Parks state that, since "Defendant mailed two checks to addresses in this District ... [v]enue is proper in this Court." Pl.'s Obj. at 3 (Doc. No. 43). Leach and Parks cite no authority in support of their position.

The language of the venue statute "contemplates some cases in which venue will be proper in two or more districts." Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003). However, "[t]his does not mean ... that the amended statute no longer emphasizes the importance of the place where the wrong has been committed. Rather, the statute merely allows for additional play in the venue joints, reducing the degree of arbitrariness in close cases. The statute's language

is instructive: venue is proper in 'a judicial district in which a <u>substantial</u> part of the <u>events or omissions giving rise to the claim occurred</u>.' 28 U.S.C. § 1391(a)(2).  Only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." <u>Id</u>. (emphasis in original).

Even under a generous reading of subpart (a)(2) of § 1391, Leach and Parks have not made a prima-facie showing that a "substantial part" of the events giving rise to their claim took place in this district, the Middle District of Alabama.  Indeed, their amended complaint fails to identify a single event occurring in Alabama.  Beyond the affirmative misconduct alleged, even the omissions giving rise to the fraud claim took place in Georgia: "Peacock did enter both Wachovia Bank and Bank of America [and] intentionally failed to disclose that ... Cochran had passed away."  Am. Compl. at ¶ 8.

9

In their reply, Leach and Parks assert that receiving two checks from Peacock makes venue proper in the Alabama Middle District.  Pl.'s Obj. at 3 (Doc. No. 43).  But these two checks did not "directly give rise" to Leach and Parks's claims.  Jenkins Brick, 321 F.3d at 1371.  Peacock mailed the checks after the alleged wrongdoing had occurred.  Leach and Parks's claims would be essentially identical if the checks had never been sent.

Nor does the receipt of the checks constitute a "substantial part of the event" in the sequence of alleged conduct.  The complaint charges Peacock with fraudulently withdrawing, diverting, and cashing out over $ 315,000 in assets, all within Georgia.  The receipt of two checks for $ 4,500 in Alabama is not sufficiently substantial in the chain of events to establish venue here.

Leach also contends that Peacock sent him customer release forms in an attempt to trick him into relinquishing his interest in the joint accounts with

Cochran. But since Leach never signed the forms, this event cannot be said to give rise to the allegations in the complaint.

While § 1391 allows venue to lie in more than one district, under these circumstances Georgia "provides an obviously correct venue." <u>Jenkins Brick</u>, 321 F.3d at 1371 (quoting <u>Woodke v. Dahm</u>, 70 F.3d 983, 985 (8th Cir. 1995)). Venue in the Middle District of Alabama is improper.

### B.

Although Peacock has moved to dismiss the case for improper venue, the court may transfer the action to an appropriate venue pursuant to 28 U.S.C. § 1406(a), which provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." <u>Id</u>. <u>See</u> 17 James

Wm. Moore, et al., Moore's Federal Practice § 111.34[1] (3d ed. 2010).  See also Trujillo v. Williams, 465 F.3d 1210, 1222 (10th Cir. 2006) ("A court may sua sponte cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice."); Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 372 n.3 (2d Cir. 1966) ("And where the motion asks only that the suit be dismissed [under § 1406(a)], the court may properly, sua sponte, order it transferred.").

The decision to transfer a case is within the discretion of the trial court.  Pinson v. Rumsfeld, 192 Fed. Appx. 811, 817 (11th Cir. 2006); England v. ITT Thompson Industries, Inc., 856 F.2d 1518, 1520 (11th Cir. 1988) ("Trial judges are permitted a broad discretion in weighing the conflicting arguments as to venue.").  The court may transfer the case if (1) the proposed transferee court is one in which the action

"could have been brought" and (2) transfer would be "in the interest of justice."  28 U.S.C. § 1406(a).

As to the first requirement, it is clear that this case against Peacock could have been brought in the Northern District of Georgia; Peacock is a resident of that district and the key events related to the case took place there.

As to the second requirement, "'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by ... 'time-consuming and justice-defeating technicalities.'"  <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 467 (1962) (internal quotations and citation omitted).  Here, transfer saves plaintiffs from the costs and difficulties associated with refiling the case in the proper venue.  Also, transfer would avoid any statute-of-limitations concerns, under either Georgia or Alabama law or both, that may have arisen while this case was pending in this court.  <u>See</u> <u>id</u>. (filing, itself, of

lawsuit shows proper diligence on part of plaintiff which statutes of limitation were intended to insure, and filing of case laying venue in wrong division or district tolls limitation of action which may, under statute, then be transferred to proper district).

Transfer also serves justice in that the Northern District of Georgia would have unambiguous personal jurisdiction over Peacock for Leach and Parks's negligence and wantonness claims. The majority of witnesses and evidence associated with the case are located in Georgia. The Northen District of Georgia is not prohibitively far from Leach and Parks and it is not unreasonable for them to travel there since the accounts in their name were opened in that district.

For the foregoing reasons, the court concludes that the interest of justice demands that this case be transferred to the United States District Court for the Northern District of Georgia.

14

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that defendant John C. Peacock's motion to dismiss and alternative motion for summary judgment (doc. no. 39) are granted to the extent that this lawsuit is transferred in its entirety to the United States District Court for the Northern District of Georgia pursuant to the provisions of 28 U.S.C. § 1406.  The other issues presented by the motions are left for resolution after transfer.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

DONE, this the 25th day of March, 2011.

                          /s/ Myron H. Thompson
                        UNITED STATES DISTRICT JUDGE